UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

THERESA W. TAYLOR,                                                              CASE NO. 11-02007-NPO

DEBTOR.                                                                                          CHAPTER 13

ORDER SUSTAINING PEOPLES BANK OF THE SOUTH'S OBJECTION TO
CONFIRMATION AND APPROVING PROPOSED AGREED ORDER

On August 29, 2011, there came on for hearing (the "Hearing") the Objection to Confirmation (the "Objection") (Dkt. No. 22) filed by Peoples Bank of the South (the "Bank") and the Response to Objection to Confirmation (the "Response") (Dkt. No. 29) filed by the Debtor, Theresa W. Taylor (the "Debtor"), in the above-styled chapter 13 case. There also came on for consideration the proposed Agreed Order (the "Agreed Order") (Dkt. No. 26) that was submitted by the Debtor, the Bank, and the chapter 13 trustee (the "Trustee"), in order to resolve the Objection and Response. After the Hearing, the Bank submitted a Memorandum Brief in Support of Peoples Bank of the South's Objection to Confirmation (the "Brief") (Dkt. No. 33). The Court, being fully advised in the premises and having considered the Brief, finds that the Objection is well taken and that the proposed Agreed Order should be entered.[1]

**Jurisdiction**

This Court has jurisdiction over the parties and the subject matter of this contested matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Notice of the Hearing was proper under the circumstances.

---

[1] This Order constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

**Facts**

The Debtor filed her voluntary petition for relief (the "Petition") (Dkt. No. 1) and her chapter 13 plan (the "Plan") (Dkt. No. 2) on June 6, 2011. Prior to filing the Petition, the Debtor and her non-filing spouse executed a promissory note secured by a deed of trust on a commercial building and lot. According to the Bank, the current loan balance is $44,978.90. The applicable interest rate under the note was 10%. In her Plan, the Debtor proposed to retain the commercial building and lot, which she valued at $100,000 in her Plan and in her bankruptcy schedules (Dkt. No. 10). The Plan proposed to pay the Bank's oversecured claim in full in monthly installments over 60 months, with 7% interest, based upon the prime-plus or formula approach adopted in Till v. SCS Credit Corp., 541 U.S. 465 (2004). In the Objection, the Bank argued that the Debtor must pay post-confirmation interest at the higher 10% contract rate pursuant to 11 U.S.C. § 506(b).[2]

In an effort to resolve this dispute, the Bank, the Debtor, and the Trustee have submitted for this Court's consideration an Agreed Order that would modify the original Plan by allowing the Bank to receive its contract rate of interest of 10%, as opposed to the current "Till-rate" of 7%. Under the modified plan, the payout to unsecured creditors would remain at 100%.

**Issue**

What post-confirmation interest rate applies to the Bank's oversecured claim based on the facts presented in this particular case?

**Discussion**

The Bank urges this Court to adopt the analysis undertaken by Judge David W. Houston, III, in In re Fondren, 398 B.R. 553, 554 (Bankr. N.D. Miss. 2008), in which he concluded that chapter

---

[2] All references to code sections are to the Bankruptcy Code, found at Title 11 of the United States Code.

13 debtors presumptively must pay the contract rate of interest on oversecured claims. The bankruptcy court in Fondren found Drive Financial Services L.P. v. Jordan, 521 F.3d 343 (5th Cir. 2008), factually distinguishable and held that Green Tree Financial Servicing Corp. v. Smithwick (In re Smithwick), 121 F.3d 211 (5th Cir. 1997), was still binding precedent for payment of interest on oversecured claims. Simply put, the Fondren court concluded that the prime-plus or formula rate adopted in Till does not apply to oversecured claims.

Apart from Fondren, the Bank attempts to justify the treatment of its oversecured claim, as proposed in the Agreed Order, by pointing out that the debt owed by the Debtor and her non-filing spouse is not a consumer debt under § 1301(a) because it was incurred for the construction of a daycare center. (Br. at 2 n.3). As a result, the co-debtor stay does not apply. Therefore, according to the Bank, it can proceed against the non-filing spouse to collect the difference between the contract rate of interest and the "Till-rate," assuming the contract rate is not paid through the Plan. In other words, the non-filing spouse would remain liable to the Bank for the difference between the contract rate and the "Till-rate," unless a modified plan is confirmed.

There is no clear statutory directive and no clear consensus among bankruptcy courts regarding the proper calculation of post-confirmation interest. Some courts, for example, have taken the opposite view from Fondren and have held that oversecured creditors are entitled only to the "Till-rate" at confirmation. *See, e.g.,* In re Montemayor, Case No. 10-36990, 2010 WL 5315814 (Bankr. S.D. Tex. Dec. 20, 2010); In re Garner, Case No. 10-10491, 2010 WL 3021657 (Bankr. M.D. Ala. July 28, 2010). Given the facts presented here, the Court finds it unnecessary to decide whether to join Fondren's sweeping rule for calculating post-confirmation interest because in this particular case paying the contract rate of interest, rather than the "Till-rate," would not result in unfair discriminatory treatment favoring the Bank over other creditors. Notably, Till authorizes a

creditor to receive "at *least* the value of its claim," but does not prohibit a creditor from receiving *more* than the present value of its claim so long as "similarly situated creditors" are treated similarly. Till, 541 U.S. at 474-77 (emphasis added).

The issue then becomes whether there is unfair discrimination under §1322(b)(1). The Fifth Circuit Court of Appeals in Ramirez v. Bracher (In re Ramirez), 204 F.3d 595 (5th Cir. 2000), held that a chapter 13 plan may prefer co-signed debt over other unsecured debt. Quoting from its earlier decision in Chacon v. Bracher (In re Chacon), 202 F.3d 725 (5th Cir. 1999), the Fifth Circuit in Ramirez explained that:

> Differences in treatment are not discriminatory if they rationally further a legitimate interest of the debtor and do not disproportionately benefit the co-signor, *e.g.* by reimbursing interest where none is due or reimbursing more than the actual amount of the co-signed debt.

Ramirez, 204 F.3d at 596 (citing Chacon, 202 F.3d at 726). Like its decision in Chacon, the Fifth Circuit in Ramirez affirmed the judgment of the bankruptcy court denying confirmation of a chapter13 plan because of the absence of any justification for applying such "a high and preferential interest rate." Although Ramirez and Chacon involved consumer debt, their holdings provide guidance regarding unfair discrimination in general.

Here, the only other secured creditor in the Plan is Regions Bank, whose claim was purportedly secured by the Debtor's principal residence and subject to the provisions afforded by § 1322(b)(2).[3] Thus, the Bank appears to belong to a class by itself. Regardless, under the Chacon

---

[3] A chapter 13 plan may not modify the rights of a creditor whose claim is secured by "real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The treatment of Regions Bank's secured claim was the subject of the Objection to Confirmation (Dkt. No. 34) filed by Regions Bank and the Response to Objection to Confirmation (Dkt. No. 37) filed by the Debtor. The Court entered an Agreed Order on Objection to Confirmation (Dkt. No. 45) submitted by the parties.

test, there is a "legitimate interest" of the Debtor in not having her non-filing spouse sued by the Bank for the difference in the contract rate of interest and the current "Till-rate," as aptly pointed out by the Bank in its Brief. Finally, there is no disproportionate benefit to the non-filing spouse because the Agreed Order proposes to pay only 10% and, most important, because payment of the 10% contract rate will not reduce payments to the only other secured creditor or to any of the unsecured creditors in the modified plan.

## Conclusion

Based on the facts presented in this particular case where the Bank's claim is oversecured, there is no unfair discrimination, and the unsecured claims are paid in full, this Court sustains the Objection and approves the Agreed Order for the reasons set forth herein. The Debtor shall file an amended plan consistent with this Order within 14 days from the date of this Order.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: October 19, 2011